# CHRIS DANIEL
## HARRIS COUNTY DISTRICT CLERK

**DATE 5/28/2015**

NOTICE OF APPEALS
ASSIGNMENT OF COURT OF APPEALS

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

5/28/2015 11:01:43 AM

CHRISTOPHER A. PRINE
Clerk

TO:        1ST COURT OF APPEALS

From:      **Deputy Clerk: MICHELLE LOPEZ**
           **Chris Daniel, District Clerk**
           **Harris County, T E X A S**

**CAUSE:    2012-15926**

**VOLUME ____    PAGE ____    OR    IMAGE # 64475405**

**DUE 6/27/2015         ATTORNEY 24088626**

**NOTICE OF APPEAL HAS BEEN ASSIGNED TO THE 1ST**

**DATE JUDGMENT SIGNED:    2/27/2015**

**MOTION FOR NEW TRIAL DATE FILED   3/10/2015**

**REQUEST TRANSCRIPT DATE FILED     n/a**

**NOTICE OF APPEAL DATE FILED       5/22/2015**

**NUMBER OF DAYS: ( CLERKS RECORD ) 120**

**FILE ORDERED:  YES ☐  NO ☒  IMAGED FILED:  YES ☒  NO ☐**

**CODES FOR NOTICE OF APPEAL:  BC, C, OA**

CHRIS DANIEL
Harris County, District Clerk

By:  /s/MICHELLE LOPEZ
     **MICHELLE LOPEZ, Deputy**

BC      NOTICE OF APPEAL FILED
BG      NOTICE OF APPEAL FILED – GOVERNMENT
C       JUDGMENT BEING APPEALED
D -     ACCELERATED APPEAL
OA      NO CLERK'S RECORD REQUEST FILED
O       CLERK'S RECORD REQUEST FILED (W/NOTICE OF APPEAL)
NA      AMENDED NOTICE OF APPEAL

## No. 2012-15926

| | | |
|---|---|---|
| **ELBAR INVESTMENTS, INC. and** | § | **IN THE DISTRICT COURT** |
| **TAX EASE FUNDING, L.P.,** | § | |
| *Plaintiffs,* | § | |
| | § | |
| **v.** | § | **OF HARRIS COUNTY, TEXAS** |
| | § | |
| **ARSENIO CANTU and VERONICA** | § | |
| **PENA,** | § | |
| *Defendants.* | § | **127th JUDICIAL DISTRICT** |

## NOTICE OF APPEAL OF ARSENIO CANTU

Defendant[1], Arsenio Cantu, files this Notice of Appeal and in support thereof shows as follows:

1. **Trial court, cause number, and style:** 127th Judicial District Court, Harris County Texas; Cause No. 2012-15926; *Elbar Investments, Inc. and Tax Ease Funding, L.P. v. Arsenio Cantu and Veronica Pena.*

2. **Date of judgment appealed from:** February 27, 2015.

3. Arsenio Cantu desires to appeal the judgment in the above-referenced cause.

4. **Court to which the appeal shall be taken:** Either the First or Fourteenth Court of Appeals.

5. **The name of each party filing the notice**: Arsenio Cantu.

Respectfully Submitted,

THE AHN LAW FIRM

By: */s/ Nicholas Whitaker*
Kristopher Ahn
Texas Bar No. 00785312
Nicholas Whitaker
Texas Bar No. 24088626
9930 Long Point Road
Houston, Texas 77055
Tel: (713) 781-2322
Fax: (713) 781-2542

---

[1] Mr. Cantu was formerly the plaintiff in this action, but the parties were realigned by the trial court's order dated July 8, 2014.

ahnlawfirm@gmail.com
Attorneys for Arsenio Cantu

## CERTIFICATE OF SERVICE

I certify that on this 22nd day of May, 2015, I served the above Notice of Appeal of Arsenio Cantu on the following parties by the method indicated:

**Via Fax**
Richard Petronella
PETRONELLA LAW FIRM, P.C.
2421 Tangley, Suite 116
Houston, TX 77005
Tel. (713) 965-0606
Fax. (713) 965-0676
richard@petronellalawfirm.com
Attorney for Elbar

**Via Fax**
Howard Spector
SPECTOR & JOHNSON, PLLC
Banner Place, Suite 1100
12770 Coit Road
Dallas, TX 75251
Tel. (214) 365-5377
Fax. (214) 237-3380
Attorney for Tax Ease Funding, L.P.

**Via U.S. Mail**
Veronica Pena
Intervenor/Defendant
1309 West Fairmont Parkway, Suite K
La Porte, TX 77571
Pro Se

*/s/ Nicholas Whitaker*

## LOCAL RULE NOTICE OF AND ASSIGNMENT OF RELATED CASE IN APPEALS

As required by the Local Rules Relating to Assignment of Related Cases to and Transfers of Related Cases between the First and Fourteenth Courts of Appeals, on this 22nd day of May, 2015, I certify that the following related appeal or original proceeding has been previously filed in either the First or Fourteenth Court of Appeals: NONE.

*/s/ Nicholas Whitaker*

CAUSE NO 2012 15926

| | | |
|---|---|---|
| ARSENIO CANTU<br>Plaintiff | §<br>§<br>§ | IN THE DISTRICT COURT |
| vs | §<br>§<br>§ | HARRIS COUNTY, T E X A S |
| ELBAR INVESTMENTS, INC , and<br>TAX EASE FUNDING, L P<br>Defendants | §<br>§<br>§<br>§ | 127TH JUDICIAL DISTRICT |

## FINAL JUDGMENT

BE IT REMEMBERED that on July 8, 2014, this case was called to trial and all parties announced ready for trial   The case proceeded to trial with a jury and thereafter the case was submitted to the jury with three (3) questions and which questions and the answers to such questions were

### JURY QUESTION NO 1

What is a reasonable fee for the necessary services of Elbar Investments, Inc 's attorney's fees in this case, stated in dollars and cents?

Answer in dollars and cents with an amount for each of the following

a   For representation in the trial court

Answer  $25,000 00

b   For representation through appeal to the Court of Appeals

Answer  $10,000 00

c   For representation at the petition for review stage in the Supreme Court of Texas

Answer  $1,000 00

d   For representation at the merits briefing state in the Supreme Court of Texas

Answer  $5,000 00

e    For representation through oral argument and the completion or proceedings in the Supreme Court of Texas

Answer  $3,000 00

## JURY QUESTION NO 2

What was the monthly Fair Market Rental Value of the Property during the period beginning on February 7, 2012, and ending on April 7, 2014?

Answer in dollars and cents

Answer  $1,000 00

## JURY QUESTION NO 3

What is a reasonable fee for the necessary services of Tax Ease's attorney's fees in this case, stated in dollars and cents?

Answer in dollars and cents with an amount for each of the following

a    For representation in the trial court

Answer  $20,000 00

b    For representation through appeal to the Court of Appeals

Answer  $10,000 00

c    For representation at the petition for review stage in the Supreme Court of Texas

Answer  $1,000 00

d    For representation at the merits briefing state in the Supreme Court of Texas

Answer  $5,000 00

e    For representation through oral argument and the completion or proceedings in the Supreme Court of Texas

Answer  $3,000 00

Be it further remembered that after the Court's consideration of the Interlocutory Motion for Summary Judgment filed by **ELBAR INVESTMENTS, INC  against ARSENIO CANTU and VERONICA PENA**  and any response to such Motion, and

2

after hearing, the Interlocutory Motion for Summary Judgment filed by **ELBAR INVESTMENTS, INC** against **ARSENIO CANTU and VERONICA PENA,** this Court granted Elbar's Motion for Summary Judgment by an Interlocutory Order Granting Motion for Summary Judgment Against Cantu signed on June 16, 2014 and by an Interlocutory Order Granting Motion for Summary Judgment Against Pena signed on June 16, 2014

Be it further remembered that after the Court's consideration of the Motion for Summary Judgment filed by **TAX EASE FUNDING, L P** against **ARSENIO CANTU** and any response to such Motion, and after hearing, the Motion for Summary Judgment filed by **TAX EASE FUNDING, L P** against **ARSENIO CANTU** this Court granted the Motion for Summary Judgment filed by **TAX EASE FUNDING, L P** by an Order Granting Defendant **TAX EASE FUNDNG, L P 'S** No-Evidence Motion for Summary Judgment Against Cantu signed on June 25, 2014

ORDERED, ADJUDGED AND DECREED that the Interlocutory Order Granting Motion for Summary Judgment Against Cantu signed on June 16, 2014, the Interlocutory Order Granting Motion for Summary Judgment Against Pena signed on June 16, 2014 and the Order Granting Defendant **TAX EASE FUNDNG, L P 'S** No-Evidence Motion for Summary Judgment Against Cantu signed on June 25, 2014 are in all things made final by this Final Judgment

ORDERED, ADJUDGED AND DECREED that **ARSENIO CANTU and VEROICA PENA** shall take nothing from **ELBAR INVESTMENTS, INC ,** and that **ELBAR INVESTMENTS, INC** shall recover all of its costs against **ARSENIO CANTU and VERONICA PENA**

3

ORDERED, ADJUDGED AND DECREED that **ARSENIO CANTU** shall take nothing from **TAX EASE FUNDING, L P** and that **TAX EASE FUNDING, L P** shall recover all of its costs against **ARSENIO CANTU**

ORDERED, ADJUDGED AND DECREED that the Substitute Trustee's Deed to **ELBAR INVESTMENTS, INC**, recorded on March 7, 2012 under Clerk's File Number 201220102653 of the Real Property Records of Harris County, Texas, terminated all the right, title, interest, claim and right to possession of **ARSENIO CANTU** and **VERONICA PENA** in the following described real property

> Lots Twenty-four (24), Twenty-five (25) and Twenty-six (26), Block One Hundred Seventeen (117), HOUSTON HARBOR, an addition in Harris County, Texas, according to the map or plat thereof recorded in Volume 3, Page 64 of the Map Records of Harris County, Texas and commonly known as 7221 Palestine, Houston, Texas

ORDERED, ADJUDGED AND DECREED that **ELBAR INVESTMENTS, INC** shall be entitled to a Writ of Possession from the Clerk of this Court for the real property commonly known as 7221 Palestine, Houston, Texas, as often as may be necessary to aid in the enforcement of this Final Judgment

Be it further remembered that **ELBAR INVESTMENTS, INC**, moved the Court to accept the jury verdict and the Court accepted such jury verdict and based on such jury verdict it is

ORDERED, ADJUDGED, AND DECREED by the Court that **ELBAR INVESTMENTS, INC**, have and is hereby granted judgment, jointly and severally, of and from **ARSENIO CANTU** and **VICTORIA PENA** in the sum of $26,000 00

ORDERED, ADJUDGED, AND DECREED by the Court that based on the jury's answers to the Court's Charge and based further on the Court's exercise of its discretion

4

under Section 37 009 of the Texas Civil Practice and Remedies Code that such fees are equitable and just which the Court so finds, **ELBAR INVESTMENTS, INC**, shall have and is hereby granted judgment for attorney's fees of and from **ARSENIO CANTU** in the following amounts (a) $_____, (b) $10,000 00 for representation through appeal to the Court of Appeals in the event of an unsuccessful appeal by **ARSENIO CANTU**, (c) $1,000 00 for representation at the petition for review stage in the Supreme Court of Texas in the event of an unsuccessful petition for review by **ARSENIO CANTU**, (d) $5,000 00 for representation at the merits briefing state in the Supreme Court of Texas in the event of an unsuccessful petition for review by **ARSENIO CANTU**, and (e) $3,000 00 for representation through oral argument and the completion or proceedings in the Supreme Court of Texas in the event of an unsuccessful petition for review by **ARSENIO CANTU**

ORDERED, ADJUDGED, AND DECREED by the Court that based on the jury's answers to the Court's Charge **TAX EASE FUNDING, L P**, shall have and is hereby granted judgment for attorney's fees of and from **ARSENIO CANTU** in the following amounts (a) $28,180 76 (which represents $20,000 00 in attorneys' fees and $8,180 76 in costs of collection which are not themselves taxable costs), (b) $10,000 00 for representation through appeal to the Court of Appeals in the event of an unsuccessful appeal by **ARSENIO CANTU**, (c) $1,000 00 for representation at the petition for review stage in the Supreme Court of Texas in the event of an unsuccessful petition for review by **ARSENIO CANTU**, (d) $5,000 00 for representation at the merits briefing state in the Supreme Court of Texas in the event of an unsuccessful petition for review by **ARSENIO CANTU**, and (e) $3,000 00 for representation through oral argument and the

5

completion or proceedings in the Supreme Court of Texas in the event of an unsuccessful petition for review by **ARSENIO CANTU** and it is

ORDERED, ADJUDGED, AND DECREED that all costs incurred by **ELBAR INVESTMENTS, INC**, are awarded to **ELBAR INVESTMENTS, INC**, jointly and severally, against **ARSENIO CANTU** and **VICTORIA PENA** and that all costs incurred by **TAX EASE FUNDING, L P**, are awarded to **TAX EASE FUNDING, L P** against **ARSENIO CANTU** and it is

ORDERED, ADJUDGED, AND DECREED by the Court that all sums awarded hereunder shall bear interest at the rate of 5% per annum from date of judgment until paid for all of which let execution issue and any other writs issue to collect this judgment

ORDERED, ADJUDGED, AND DECREED that this is a Final Judgment disposing of all issues between or among all parties hereto and is subject to appeal and that all relief not granted herein is denied

Signed _____2/27_____, 2015

_____
JUDGE PRESIDING

6

APPROVED AS TO SUBSTANCE AND FORM


PETRONELLA LAW FIRM, P C


/s/ Richard L  Petronella
Richard L  Petronella
Attorney in Charge
SBN 15852000
2421 Tangley, Suite 116
Houston, Texas  77005
(713) 965-0606 - Telephone
(713) 965-0676 – Fax
richard@petronellalawfirm com
**ATTORNEYS FOR ELBAR**


SPECTOR & JOHNSON PLLC


_____
Howard Marc Spector
Attorney in Charge
SBN 00785023
Banner Place, Suite 1100
12770 Coit Road
Dallas, Texas  77251
(214) 365-5377 - Telephone
(214) 237-3380 – Fax
hmspector@spectorjohnson com
**ATTORNEYS FOR TAX EASE**


## CERTIFICATE OF SERVICE

I, the undersigned attorney, hereby certify that on January 7, 2015, I served a true and correct copy of the foregoing instrument in accordance with Rule 21a upon all parties and/or counsel of record

/s/ Richard L  Petronella
Richard L  Petronella

7

## No. 2012-15926

| | | |
|---|---|---|
| ARSENIO CANTU | § | IN THE DISTRICT COURT |
|     Plaintiff, | § | |
| | § | |
| v. | § | OF HARRIS COUNTY, TEXAS |
| | § | |
| ELBAR INVESTMENTS, INC., and | § | |
| TAX EASE FUNDING, L.P., | § | |
|     Defendant. | § | 127th JUDICIAL DISTRICT |

## PLAINITFF'S MOTION FOR NEW TRIAL AND MOTION TO VACATE ORDERS GRANTING SUMMARY JUDGMENT

Plaintiff, Arsenio Cantu, files this Motion for New Trial and Motion to Vacate Orders Granting Summary Judgment and in support thereof shows this Court the following:

**BRIEF ARGUMENT:** Elbar Investments, Inc., ("Elbar") and Tax Ease Funding, L.P. ("Tax Ease") were granted summary judgment on the assumption that Mr. Cantu did not tender a deposit required to bring suit under § 34.08 of the Texas Tax Code. However, Mr. Cantu was not required to make a deposit based on the information in the judgment that allowed Tax Ease to foreclose on his property. Mr. Cantu also had causes of action in this case that did not require a deposit. Furthermore, the suit was timely filed and he had sufficient money on deposit with the Court's registry from his proceeds of the sale when this suit was filed. Therefore, this Court should vacate its order granting summary judgment against Mr. Cantu and set the case for trial.

**BACKGROUND FACTS:** Mr. Arsenio Cantu was an owner of real property located at 7221 Palestine Rd., Houston, Texas. He borrowed money from Tax Ease to pay real property taxes. When Mr. Cantu failed to pay on the note given to Tax Ease, Tax Ease applied to this Court for an order permitting Tax Ease to foreclose on the property. This Court issued the order to proceed with the foreclosure on November 11, 2011, in Cause No. 2011-45971, *Tax Ease Funding LP v. Arsenio G. Cantu*, in the 127th Judicial District Court of Harris County, Texas. The foreclosure occurred in February, 2012, and Elbar was the successful bidder at the foreclosure auction.

Mr. Cantu filed this law suit to reverse the foreclosure sale because it is undisputed that Tax Ease had manually changed the Security Agreement to include Lot 24 after Mr. Cantu had signed it. The Security Agreement that Mr. Cantu signed only had Lots 25 and 26 and by manually adding Lot 24 Tax Ease effectively voided the Security Agreement. The Court, however, granted Tax Ease's Partial Motion for Summary Judgment as to Mr. Cantu's liability, which argued that Mr. Cantu had failed to first deposit the taxes owed in the Judgment permitting the foreclosure. This matter was then assigned to jury trial to determine the amount of attorney's fees. However, the Judgment permitting foreclosure did not specify any amount for Mr. Cantu to make any deposit before filing this law suit.

## I.    New Trial

1.  Summary judgment was granted in favor of Elbar and Tax Ease on all of Mr. Cantu's claims on June 16, 2014, and June 25, 2014, respectively. A final judgment was signed on February 27, 2015.

2.  The summary judgments granted in this case were granted contrary to law for the reasons discussed below and should be vacated. Since the final judgment is predicated on the grants of summary judgment, the Court should also vacate the final judgment and order a new trial pursuant to Rule 320 of the Texas Rules of Civil Procedure.

## II.    Elbar Is Not Entitled to Judgment as a Matter of Law

3.  None of the grounds raised in Elbar's Motion for Summary Judgment entitle Elbar to judgment as a matter of law. Elbar's motion requested summary judgment on three grounds: (1) that Mr. Cantu failed to comply with the requirement to deposit the amount of the delinquent taxes in the Court's registry under § 34.08 of the Texas Tax Code; (2) that Mr. Cantu's failure to raise the issue regarding the addition of lot 24 to the deed of trust estopped him from challenging the foreclosure in a separate action; and (3) that Mr. Cantu's claims were barred by the statute of limitations. Mr. Cantu was not required to make a deposit, he had a deposit in this Court's registry in a related case, and not all of his claims fall within § 34.08 of the Tax Code; he has not made any representations to Elbar nor actively concealed anything from Elbar; and his original petition was timely filed and any amendments to it were related to the foreclosure of his property. Therefore, Elbar's motion for summary judgment must be denied.

### A.  Mr. Cantu Has Met the Deposit Requirement Under § 34.08 of the Texas Tax Code and Not All of His Claims Require a Deposit Under That Section

4.  Mr. Cantu was not required to deposit any amount of money under § 34.08 in this case because the judgment of foreclosure Tax Ease obtained against his property does not specify any such amount of money. The tax code requires that a person deposit "into the registry of the court an amount equal to the amount of the delinquent taxes, penalties, and interest specified **in the judgment of foreclosure obtained against the property . . . .**" Tex. Tax Code § 34.08 (emphasis added). The judgment of foreclosure that Tax Ease obtained against Mr. Cantu's property, which is attached as Exhibit "A" and incorporated herein by reference, does not specify any amount of taxes, penalties, or interest. Therefore, Mr. Cantu was not required to make any deposit.

5.  Not all of Mr. Cantu's causes of action are subject to the deposit requirement of § 34.08 of the Texas Tax Code. Mr. Cantu requested that this Court enter a declaratory judgment

finding "[t]hat [the] Deed of Trust issued by Plaintiff for the benefit of Defendant Tax Ease Funding, L.P. was illegally altered and that it is void without any force and effect[.]" That request does not necessarily challenge the validity of the tax sale since such a finding would give Mr. Cantu a few legal remedies, only one of which would be invalidating the tax sale. Since invalidation of the tax sale is not a necessary outcome of this requested finding, Mr. Cantu was not required to make a deposit under § 34.08.

6. The money deposited into the Court's registry in cause number 2011-45971, *Tax Ease Funding LP v. Arsenio G. Cantu* in the 127th Judicial District Court of Harris County, Texas ("Foreclosure Suit") can act as a deposit under § 34.08 for any causes of action that require such a deposit. The purpose of the deposit in § 34.08 is to "forestall frivolous claims of faulty process." *See* House Ways & Means Committee, *Bill Analysis of S.B. 1249,* 75th Leg., R.S. (May 23, 1997). The state also has a legitimate interest in ensuring the deposit is made so that it can ensure the property taxes on the property remain paid. *See John K. Harrison Holdings v. Strauss*, 221 S. W. 3d 785, 790 (Tex. App.—Beaumont 2007, pet. denied). If the purchase of a property at a tax sale is voided, the purchaser acquires a cause of action suit against the taxing unit that received the proceeds of the sale for an amount equal to the amount the taxing unit received from the sale. Tex. Tax. Code § 34.07(d). With a deposit, the taxing unit can ensure that the true owner who voided the tax sale has the funds to pay any property taxes recovered by the purchaser. *See John Harrison Holdings*, 221 S. W. 3d at 790.

7. Allowing the deposit in the Foreclosure Suit to serve as Mr. Cantu's deposit under § 34.08 in this case serves both purposes of § 34.08. A sum of money belonging to Mr. Cantu in the amount of $36,819.43 was deposited into the Court's registry in the Foreclosure Suit and that amount remains in the registry. A document from the clerk's website showing that amount is attached as Exhibit "B" and incorporated herein by reference. This deposit ensures that Mr. Cantu's claim is not frivolous because it proves that he has sufficient money to pay the property taxes, interests, and costs in order to take back the title to the property. It also shows that he is invested in this lawsuit and is not bringing it for any improper reasons. Furthermore, the deposit satisfies the state's interest in enacting § 34.08 because it ensures that the taxing unit will be able to recover the property taxes it is owed from Mr. Cantu should the purchaser choose to file a suit against the taxing unit.

8. Mr. Cantu's use of his deposit in the Foreclosure Suit does not prejudice Defendants in any way. Generally there is no harm in allowing someone who fails to make the deposit required by § 34.08 to make the deposit after the lawsuit is filed. *See John Harrison Holdings*, 221 S. W. 3d at 789 ("Though the court provided Harrison with an opportunity to satisfy the requirement [of § 34.08], Harrison did not."). This is especially true in this

case since Defendants were aware of the deposit in the Foreclosure Suit since they submitted the Agreed Order that ordered the funds placed in the registry. Furthermore, the deposit was made before this lawsuit was filed, so the funds have been in the registry for the entire duration of this case.

9. Elbar's reliance on *Jasper State Bank v. Braswell* is misplaced because Elbar is neither a mortgagee in lawful possession nor does that case indicate that a deposit is a prerequisite to filing suit. In *Jasper State Bank*, the Court held that a mortgagee in lawful possession of property had a right to retain possession until the debt that was secured by the property is paid. *Jasper State Bank v. Braswell*, 111 S. W. 2d 1079, 1085-86 (Tex. 1938). The bank in *Braswell* was a mortgagee because it had a valid lien on the disputed property. *Id.* at 1084. Elbar, however, is not a mortgagee; it simply purchased the property at a tax sale. Therefore, Mr. Cantu is under no obligation to repay a non-existent loan to Elbar before challenging the validity of his contract with Tax Ease. Additionally, nothing in *Jasper State Bank* indicates that Mr. Cantu must make a deposit as a prerequisite to filing this lawsuit.

**B. Elbar Has Failed to Prove Any of the Elements Required for Equitable Estoppel**

10. There is no basis in law or equity for Elbar's request for estoppel. In order to establish equitable estoppel Elbar must prove "(1) a false representation or concealment of material facts, (2) made with knowledge, actual or constructive, of those facts, (3) with the intention that it should be acted on, (4) to a party without knowledge, or the means of knowledge of those facts, (5) who detrimentally relied upon the misrepresentation." *Schroeder v. Texas Iron Works, Inc.*, 813 S. W. 2d 483, 489 (Tex. 1991). Elbar has not proven any of the five elements and is unable to prove them. For (1), Mr. Cantu never concealed anything from Elbar. In fact could not have concealed anything from Elbar because Elbar never asked Mr. Cantu about the Deed of Trust before it purchased the property and Mr. Cantu did not know that Elbar was relying on that Deed of Trust before it purchased the property. Elbar cannot prove (2) because Mr. Cantu also did not have knowledge that the Deed of Trust had been altered by Tax Ease before it was filed and Mr. Cantu did not have knowledge that Elbar would be relying on the inclusion of lot 24 in the Deed of Trust. *See Earle v. Ratliff*, 998 S. W. 2d 882, 888 (Tex. 1999) (explaining that fraudulent concealment, a type of equitable estoppel, requires more than a defendant's failure to exercise ordinary care; "it also requires evidence that the defendant actually knew the plaintiff was in fact wronged, and concealed that fact to deceive the plaintiff."). Elbar has similarly failed to prove (3) because Mr. Cantu could not have intended Elbar to rely on his alleged concealment if he did not know that Elbar had any interest in purchasing the property until after the purchase was complete. *See id.* Elbar cannot prove (4) because Elbar had the means to discover the facts. The Deed of Trust is

clearly altered and the alteration was not initialed by Mr. Cantu. Elbar could have confirmed that Mr. Cantu agreed to include lot 24 by asking him or Tax Ease about the alteration, but Elbar failed to do that. Finally, Elbar has not proven that any representation it relied on was detrimental to it. As Elbar acknowledged in its motion for summary judgment, if the tax sale is voided then Elbar may either be subrogated to the rights of the tax lien holder or it may sue the tax lien holder. Tex. Tax Code § 34.07. Since Elbar can recover the money it paid for the purchase through § 34.07, the purchase was not to Elbar's detriment. *See Transcon. Realty Investors, Inc. v. John T. Lupton Trust*, 286 S. W. 3d 635, 648 (Tex. App. – Dallas 2009, no pet.) (explaining that a plaintiff who relies on a promise that does not create a contract can only recover reliance damages).

11. The only case Elbar cites as support for their estoppel request is one which held that a homeowner was estopped from claiming certain land as his homestead because he unequivocally represented that it was not his homestead in his mortgage application. *Life Insurance Company of Virginia v. Weatherford*, 60 S. W. 2d 883 (Tex. Civ. App., Eastland – 1933, writ refused). This case is wholly irrelevant because Mr. Cantu neither made an affirmative representation to Elbar nor is he claiming a homestead exemption.

12. Elbar also does not specify what Mr. Cantu should be estopped from doing. At one point Elbar asserts that "Cantu is estopped from now alleging that Lot 24 was not properly included in the legal description . . ." but at another point Elbar alleges that "Cantu is estopped from setting aside the deed to Elbar." This Court cannot estop Mr. Cantu from anything until Elbar clarifies exactly what it is requesting.

## C. Elbar Is Not Subrogated to the Rights of the Former Real Estate Tax Lien Holders

13. Elbar is not subrograted to the rights of the former real estate tax lien holders. Under the tax code, Elbar has the option of pursuing such subrogation rights or suing the former tax lien holder directly **after** the tax sale is held to be void or defective. Tex. Tax Code § 34.07. Since no such finding has been made yet, Elbar has not yet been subrogated to those rights. More importantly, whether Elbar is subrogated to the rights of the tax lien holder is irrelevant to its motion for summary judgment.

## D. Mr. Cantu's Amended Petition Is Not Barred by Limitations

14. Elbar's limitations argument fails because Mr. Cantu timely filed his original petition and any amendments that were made to the petition relate back to the time it was originally filed. If a filed pleading is not subject to a plea of limitation when it is filed, then a subsequent amendment is also not subject to a plea of limitation "unless the

amendment . . . is wholly based on a new, distinct, or different transaction or occurrence." Tex. Civ. Prac. & Rem. Code § 16.068. The terms "transaction and occurrence" are "not limited to one point in time, but may embrace a course of dealing between the parties." *Knesek v. Witte*, 754 S. W. 2d 814, (Tex. App. – Houston [1st Dist.] 1988, writ denied) (quoting *Pelt v. American Casualty Co.*, 513 S. W. 2d 128, 129-30 (Tex. Civ. App. -- Dallas 1974, writ ref'd n.r.e.). Furthermore, "[i]t is immaterial that the later pleading asserts a different cause of action." *Id.* (quoting *Pelt*, 513 S. W. 2d at 129-30). Since Mr. Cantu's claim that the Deed of Trust was altered is related to the transaction at issue in this case it is not subject to a plea of limitation.

15. Elbar cannot claim limitations as a ground for summary judgment because it failed to affirmatively plead limitations as a defense in any of its answers. The Texas Rules of Civil Procedure require a part claiming limitations to affirmatively plead that defense in its answer. Tex. R. Civ. P. 94. After Mr. Cantu filed his first amended petition Elbar filed an amended answer which plead the affirmative defenses of "waiver, estoppel, ratification, consent, expiration of any redemption period and failure to redeem, failure to tender and failure to offer to tender" but did not include limitations. Since Elbar did not affirmatively plead limitations, they are prohibited from raising the defense now.

### III.    Tax Ease Is Not Entitled to Judgment as a Matter of Law

16. Tax Ease's motion for no-evidence summary judgment only requested summary judgment as to all of Mr. Cantu's claims on the grounds that he did not tender a deposit in accordance with § 34.08 of the Tax Code. As discussed in paragraphs 4 through 9, *supra*, no deposit was require because the judgment of foreclosure did not specify any amount of delinquent taxes, penalties, and interest. Additionally, not all of Mr. Cantu's claims require a deposit under § 34.08 because finding that Tax Ease impermissibly altered its contract with Mr. Cantu does not necessarily void the tax sale. Finally, Mr. Cantu complied with the tax code because he has had the amount required under § 34.08 deposited in this Court's registry in the Foreclosure Suit since before this lawsuit was filed.

17. Tax Ease's motion also requested summary judgment against Mr. Cantu's request for an accounting. Mr. Cantu is taking a nonsuit with respect to his request for an accounting and therefore he no longer needs to respond to this argument.

18. Since Tax Ease did not request summary judgment on any other grounds, the order granting its motion for no-evidence summary judgment should be vacated.

## CONCLUSION

19. For the foregoing reasons, Plaintiff prays that this Court vacate and reverse its grant of summary judgment against Plaintiff, set aside the judgment dated February 27, 2015, and order a new trial on Plaintiff's claims and for all such other relief, at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

THE AHN LAW FIRM

By:*/s/ Nicholas Whitaker*
Kristopher Ahn
State Bar No. 00785312
Nicholas Whitaker
State Bar No. 24088626

9930 Long Point Road
Houston, Texas 77055
Tel: (713) 781-2322
Fax: (713) 781-2542
ahnlawfirm@gmail.com

## CERTIFICATE OF SERVICE

I certify that on this 10th day of March, 2015, I served the above Plaintiff's Motion for New Trial and Motion to Vacate Orders Granting Summary Judgment on the following parties by the method indicated:

**Via Fax**
Richard Petronella
PETRONELLA LAW FIRM, P.C.
2421 Tangley, Suite 116
Houston, TX 77005
Tel. (713) 965-0606
Fax. (713) 965-0676
richard@petronellalawfirm.com
Attorney for Elbar

**Via Fax**
Howard Spector
SPECTOR & JOHNSON, PLLC
Banner Place, Suite 1100
12770 Coit Road
Dallas, TX 75251
Tel. (214) 365-5377

Fax. (214) 237-3380
Attorney for Tax Ease Funding, L.P.

**Via U.S. Mail**
Veronica Pena
Intervenor
1309 West Fairmont Parkway, Suite K
La Porte, TX 77571
Pro Se

/s/ Nicholas Whitaker

```
JUC8H (NR4#)    JUSTICE INFORMATION MANAGEMENT SYSTEM      MAY 28, 2015(C1)
INT6510                  CIVIL CASE INTAKE               OPT: _____  -  INT
                       GENERAL PARTY INQUIRY             PAGE:   1 -    3

CASE NUM: 201215926__ PJN> __  TRANS NUM: _____ CURRENT COURT: 127 PUB? _
CASE TYPE: DECLARATORY JUDGMENT          CASE STATUS: CASE ON APPEAL
STYLE: ELBAR INVESTMENTS INC            VS CANTU, ARSENIO
==============================================================================
                      **** INACTIVE PARTIES ****
  PJN   PER/CONN COC  BAR        PERSON NAME              PTY   ASSOC. ATTY
  NUM    NUMBER                                           STAT
_     00004-0003 DEF          PENA, VERONICA
_     00003-0005 PLT 00785023 TAX EASE FUNDING L P              SPECTOR, HOWA
_     00002-0006 PLT          ELBAR INVESTMENTS INC
_     00003-0004 XPL 00785023 TAX EASE FUNDING L P              SPECTOR, HOWA
_     00001-0003 XDF 00785312 CANTU, ARSENIO                    AHN, KRISTOPH
_     00006-0001 AGT          TAX EASE LP BY SERVING ITS REG
_     00003-0003 XDF 00785023 TAX EASE FUNDING L P              SPECTOR, HOWA
_     00002-0005 XPL 15852000 ELBAR INVESTMENTS INC             PETRONELLA, R

==> (20) CONNECTION(S) FOUND
1=ACTIVE     2=ATY. INQ.   3=ACT.ENTRY   4=ISS. SERV.  5=DOC. INQ.
6=CASE INQ.  7=BACKWARD    8=FORWARD     9=PTY. ADDR.  10=REFRESH   11=HELP
```

```
JUC8H (NR4#)    JUSTICE INFORMATION MANAGEMENT SYSTEM    MAY 28, 2015(C1)
INT6510              CIVIL CASE INTAKE             OPT: _____  -  INT
                   GENERAL PARTY INQUIRY          PAGE:   2  -    3

CASE NUM: 201215926__ PJN> __  TRANS NUM: _____ CURRENT COURT: 127 PUB? _
CASE TYPE: DECLARATORY JUDGMENT         CASE STATUS: CASE ON APPEAL
STYLE: ELBAR INVESTMENTS INC           VS CANTU, ARSENIO
========================================================================
                     **** INACTIVE PARTIES ****
  PJN  PER/CONN COC  BAR       PERSON NAME              PTY   ASSOC. ATTY
  NUM   NUMBER                                          STAT
_     00005-0001 AGT        TAX EASE FUNDING LP BY SERVING
_     00004-0002 XDF        PENA, VERONICA               D
_     00002-0004 XPL        ELBAR INVESTMENTS INC
_     00002-0003 XPL 15852000 ELBAR INVESTMENTS INC            PETRONELLA, R
_     00001-0002 XDF 00785312 CANTU, ARSENIO             D  AHN, KRISTOPH
_     00004-0001 IVP        PENA, VERONICA                  PRO-SE
_     00004-0001 PVA 07547000 FUNCHESS, JESSE R.
_     00003-0002 IVD        TAX EASE FUNDING L P

==> (20) CONNECTION(S) FOUND
1=ACTIVE     2=ATY. INQ.   3=ACT.ENTRY   4=ISS. SERV.  5=DOC. INQ.
6=CASE INQ.  7=BACKWARD    8=FORWARD     9=PTY. ADDR. 10=REFRESH   11=HELP
```

CASE NUM: 201215926__ PJN> __  TRANS NUM: _____ CURRENT COURT: 127 PUB? _
CASE TYPE: DECLARATORY JUDGMENT          CASE STATUS: CASE ON APPEAL
STYLE: ELBAR INVESTMENTS INC             VS CANTU, ARSENIO
========================================================================
                    **** INACTIVE PARTIES ****
  PJN   PER/CONN COC  BAR        PERSON NAME              PTY    ASSOC. ATTY
  NUM    NUMBER                                           STAT
_     00002-0002 IVD        ELBAR INVESTMENTS INC
_     00003-0001 DEF 00785023 TAX EASE FUNDING L P               SPECTOR, HOWA
_     00002-0001 DEF 15852000 ELBAR INVESTMENTS INC              PETRONELLA, R
_     00001-0001 PLT 00785312 CANTU, ARSENIO                     AHN, KRISTOPH


==> (20) CONNECTION(S) FOUND
1=ACTIVE      2=ATY. INQ.   3=ACT.ENTRY   4=ISS. SERV.  5=DOC. INQ.
6=CASE INQ.   7=BACKWARD    8=FORWARD     9=PTY. ADDR.  10=REFRESH    11=HELP